AETNA CASUALTY AND SURETY COMPANY, ETC. *v.*
OWENS ET AL.

[No. 3, September Term, 1959.]
(Two Appeals In One Record)

*Decided September 24, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Joseph B. Simpson, Jr.,* with whom were *Simpson & Simp-
son, Vivian V. Simpson, H. Algire McFaul* and *Plummer M.
Shearin* on the brief, for appellant.

*John M. McInerney,* for appellees.

PER CURIAM.

Thomas Moore, an equipment superintendent for a road
building company, died as a result of being pinned against a
roller by a truck that was backing in order to dump a batch
of sand, gravel and cement into a mixer that was pouring con-
crete to form a road. The appeals are from judgments for
costs that followed verdicts of a jury for Owens, the owner
of the truck, and Kyle, its driver, in actions against them by
the compensation insurance carrier of Moore's employer, and
Mrs. Moore.

The trial court submitted to the jury the questions of
Kyle's negligence (on instructions we think were adequate,
although the appellants argue that they were not sufficiently
detailed and particularized), and that of Moore's contributory
negligence. The appellants' real contention is that there was
no evidence to justify submission of the latter issue to the
jury.

In our view it is clear that reasonable minds could have
found from the testimony in the record that Moore was not
properly heedful of his own safety.

The truck involved was one of some fifteen that continu-
ously fed the mixer which was pouring the concrete to form
the road. It took thirty to forty-five seconds to dump a batch
into the mixer and, after unloading, each truck drove off for
a new load. Several trucks were always waiting in line and,
as one moved, the next would back up into the position va-
cated. Kyle was waiting in line for his turn some five feet
ahead of a stalled roller which was about one hundred feet

ahead of the mixer. Moore was awaiting a mechanic he had sent for an ether pill to start the roller so as to get it out of the way of the advancing mixer and the backing trucks. Kyle, seeing that it was time for him to back up, got into his truck and, he says, looked into the mirror on the right and saw no one. Thereupon he started the motor and began to back, holding the left cab door open and looking over his left shoulder so that he could see to the left of the truck but not to the right. Moore was standing at the side of the roller looking away from the truck and was caught between the roller and the right rear side of the truck.

Appellants argue that Moore had been beside the roller several minutes and was not required to anticipate that the truck, which, they say, had been standing motionless for the same period, would back blindly without warning. The testimony was that Kyle followed the usual and prescribed procedure in his manner of backing and that none of the trucks, as they backed up every minute or so, all day long, ever gave any warning before so doing. It was shown that Moore was fully aware of this practice. Kyle testified (and was corroborated by another witness) that Moore was not standing beside the roller when he got in his cab to start backing up. Assuming that they found Kyle to have been negligent, the jury could have found that Moore, without looking, should not have walked into, or remained in, the path he knew, or should have known, with his experience, the truck would travel at any moment in backing, and that his doing so was the proximate cause of the injury he suffered.

What we have said disposes of appellants' further argument that Kyle's testimony was incredible and that the jury should have been so instructed.

We find no prejudicial error below.

*Judgments affirmed, with costs.*